IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

RESOURCE MANAGEMENT )
COMPANY, INC., )
 )
    **Plaintiff** )
 )
v. ) Case No. 3:18-CV-433
 ) Judge Richardson
WFC DURHAM HOLDINGS VII, G.P. and )
PHILADELPHIA INDEMNITY )
INSURANCE COMPANY, )
 )
    **Defendants.** )

## CASE MANAGEMENT ORDER

This action was commenced by the Plaintiff in the Chancery Court for Sumner County, Tennessee. Defendants then removed the matter to this Court **[Doc. 1]**.

### INTRODUCTION

This is a construction dispute concerning a residential real estate development. The Plaintiff is a grading and excavating company. The Defendant, WFC Durham Holdings VII, G.P., is the Developer (Owner). The Defendant retained the Plaintiff to perform grading, excavating and other services on a project known as Durham Farms.

On April 23, 2018, the Plaintiff filed a Verified Complaint for Damages, and to enforce its contractor's Lien in the Chancery Court for Sumner County. On May 7, 2018, Defendants removed the state case to this Court **[Doc. 1]**.[1]

---

[1] The additional Defendant is the insurance company that executed, as surety, a Bond, related to Plaintiff's Lien.

A. RULE 12 MOTIONS: Defendants previously filed a Rule 12 Motion **[Doc. 8]**, which they later withdrew **[Doc. 17]**.

B. JURISDICTION: Defendants removed this case from the Chancery Court of Sumner County, Tennessee to this Court, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. The Plaintiff does not oppose the removal and the Court's diversity jurisdiction is not in dispute.

C. BRIEF THEORIES OF THE PARTIES:

**For Plaintiff:** This is a construction dispute concerning work performed on a residential real estate development in Sumner County known as Durham Farms. The Plaintiff is a grading and excavating contractor. It performs related work, including storm drainage/manhole work. The Defendant, WFC Durham Holdings VII, G.P. ["WFC"], is the Owner of the project. WFC retained the Plaintiff pursuant to two contracts; one dated October 23, 2014 and the other dated April 25, 2016.

There were problems on the project.

By letter dated October 12, 2017, WFC advised Plaintiff that WFC had elected to terminate Plaintiff from both contracts. At that time, Plaintiff had billed WFC over $1,000,000, all of which was unpaid. WFC advised Plaintiff that WFC would be withholding payment on prior Fee Applications of over $1,000,000, to ensure that any alleged problems were corrected. On November 7, 2017, WFC advised Plaintiff that it was hiring someone else to do corrective work on one of the Phases, and that it would commence during the week of November 13, 2017 and be completed within 20 days. That portion of the alleged corrective work, therefore, should have been completed (at the latest) by December 7, 2017. After December 7, 2017, WFC did not provide any details as to the corrective work allegedly performed, the amount spent for that corrective work,

or any other details. It simply advised Plaintiff that WFC would continue to withhold all of the funds. At that juncture, WFC had been holding Plaintiff's funds for over 6 months.

The contracts provide WFC with the right to withhold funds, but only to a limited degree; namely, to hold those funds that are "*sufficient to completely protect [the] Owner*."

Plaintiff contends that WFC is not contractually entitled to hold any *additional* funds above those necessary to protect WFC. It also contends that WFC failed to mitigate any alleged harm from Plaintiff's prior work. It also contends that WFC failed to escrow all of the retainage funds, as required by Tennessee Code Annotated §66-34-104, *et seq.* That statute allows an Owner to withhold 5% of Fee Applications until the end of a project to ensure that the funds are safe in order to correct any problems on the back end of the project. However, the statute is clear: the party holding or otherwise "retaining" funds must account for those funds by depositing them into an escrow account. Plaintiff has also asserted claims for Violation of Tennessee's Prompt Pay Act (T.C.A. §66-34-101, *et seq.*), and violation of statutory law regarding Retainage (T.C.A. §66-34-205).

In all, Plaintiff seeks at least $1,245,874.00 together with pre-judgment interest and legal fees. It also seeks statutory penalties of $300 per day, per T.C.A. §66-34-101, *et seq.*

**For Defendants:** WFC retained the Plaintiff, RMC, to perform horizontal construction work on the Durham Farms development in Sumner County. Much of RMC's work entailed the installation of subterranean improvements underneath the future streets and lots of the subdivision. RMC failed to complete the work in a timely manner and WFC terminated the parties' contracts for cause. The delays caused by RMC's untimeliness postponed the entire subdivision, including subsequent phases on which RMC was not the contractor. The delay caused WFC damages. Moreover, subsequent inspections revealed that the work RMC had managed to perform

suffered from numerous, pervasive, and costly defects. RMC's improper installation and maintenance of its work also damaged other elements of the work site. For example, RMC improperly backfilled large sections of the subterranean sewer conduit, which then sagged and filled with mud and could not be approved by local authorities. The repairs of the inadequate work performed by RMC and the repair of other parts of the site damaged by RMC took much longer than originally estimated and the costs associated with those repairs and remediation greatly exceed either amounts due to RMC under the contract or the reasonable value of RMC's work under an appropriate unjust-enrichment theory. RMC is not now entitled and will not become entitled to any further payment, either under the agreements or pursuant to the Prompt Pay Act, from WFC because of the extent and results of its unacceptable performance.

WFC denies that RMC's retainage claims have any merit. All amounts required by law to be segregated have been so segregated, and proof of that fact has been previously given to RMC.

D ISSUES STILL IN DISPUTE: Liability and damages.

E. INITIAL DISCLOSURES: The parties have previously made their Initial Rule 26 Disclosures.

F. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS: No later than January 6, 2020, the parties shall submit a joint report confirming that the parties made a good faith attempt to resolve the case. The joint report shall also state whether the parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested in either joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

-4-

Case 3:18-cv-00433   Document 34   Filed 08/08/19   Page 4 of 8 PageID #: 751

G. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before December 20, 2019. Discovery is not stayed during dispositive motions or other motions unless ordered by the Court.

A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic or in-person discussion with lead counsel for every one of the parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good-faith effort to resolve the dispute. Discovery disputes that cannot be resolved after the required discussion(s) should be brought promptly to the attention of the Magistrate Judge via a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery-related motions.

All discovery motions shall be filed by no later than November 15, 2019. In connection with any discovery conference or discovery motion, the applicable parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities. The joint discovery dispute statement shall certify that lead counsel for every applicable party held the aforementioned telephonic or in-person discussion(s) and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01(a)(2) or (3), but must clearly state in the filing (made in accordance with any timing requirements set forth in Local Rule 7.01(a)(3)) that the joint statement is adopted as the party's memorandum of law or response, as the case may be.

H. MOTIONS TO AMEND OR TO ADD PARTIES: Any motions to amend or to add parties shall be filed by no later than September 13, 2019, and must comply with Local Rules 7.01 and 15.01.

I. DISCLOSURE AND DEPOSITIONS OF EXPERTS: The Plaintiff shall identify and disclose all expert witnesses and expert reports on or before October 25, 2019. The Defendant shall identify and disclose all expert witnesses and reports on or before November 25, 2019. Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5)(C). Expert depositions shall be completed by December 20, 2019.

J. SUBSEQUENT CASE MANAGEMENT CONFERENCE: A subsequent case management conference shall be held telephonically on **November 13, 2019 at 9:00 a.m.**, to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and any other appropriate matters. The parties shall call **877-336-1831, access code 7039387#** to participate in the telephone conference. If a party has been on hold for more than five (5) minutes, please call 675-736-7344.

K. DISPOSITIVE MOTIONS: As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by no later than January 24, 2020. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of

the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

L.   ELECTRONIC DISCOVERY: Administrative Order No. 174-1 shall apply in this case, except that the parties shall make the general disclosures required by paragraph 2 within 14 days of the entry of this case management order.

M.   MODIFICATION OF CASE MANAGEMENT ORDER: Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extension should also detail the moving party's efforts at diligently complying with the original schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed.R.Civ.P. 16(b)(4).

N.   ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The jury trial of this action is expected to last approximately four (4) days. A trial date no earlier than June 9, 2020 is respectfully requested.

It is so **ORDERED**.

_____
United States Magistrate Judge

Approved for Entry By:

**/s/ Phillip Byron Jones**
**Phillip Byron Jones** (#14125)
EVANS, JONES & REYNOLDS, PC
401 Commerce Street, Suite 710
Nashville, TN 37219-2424
(615) 259-4685
Pjones@ejrlaw.com
*Attorneys for Plaintiff*


**/s/ Paul J. Krog**
**Eugene N. Bulso, Jr.** (#12005)
**Paul J. Krog** (#29263)
Leader, Bulso & Nolan, PLC
414 Union Street, Suite 1740
Nashville, TN 37219
(615) 780-4100
Gbulso@leaderbulso.com
Pkrog@leaderbulso.com
*Attorneys for Defendants*