## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| RESOURCE MANAGEMENT COMPANY, INC., | ) ) | |
| Plaintiff/Counter-Defendant | ) | |
| | ) | |
| v. | ) | Case No. 3:18-CV-433 |
| | ) | Judge Crenshaw / Frensley |
| WFC DURHAM HOLDINGS VII, G.P. and | ) | |
| Defendant/Counter-Plaintiff; | ) | |
| | ) | |
| And | ) | |
| | ) | |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

---

### RESPONSE TO AMENDED COUNTER-CLAIM

---

In response to the Amended Counter-claim filed by WFC Durham Holdings VII, G.P. ["WFC"] **[Doc. 37]**, the Plaintiff/Counter-Defendant ["RMC"], responds as follows:

1.      Admitted.

2.      Admitted.

3.      The first sentence of ₧3 is admitted.   The contract for Phase 1A was attached to RMC's Complaint as Exhibit A.   All contrary and remaining allegations in ₧3 are denied.

4.      The first sentence of ₧4 is admitted.   The contract for Phase 1B was attached to RMC's Complaint as Exhibit B.   All contrary and remaining allegations in ₧4 are denied.

-1-

5.     All requirements imposed on RMC by the contracts for Phase 1A and 1B are contained within those documents attached to RMC's Complaint as Exhibits A-B.   All contrary and remaining allegations in this version of ₧5 are denied.

6.     RMC encountered obstacles on the project, some of which were attributable to RMC and others being attributable to WFC and/or its other subcontractors.   RMC was terminated without being provided an adequate opportunity to cure those problems.   All contrary and remaining allegations in ₧6 are denied.

7.     Denied.

8.     Denied.

9.     RMC admits that it received two letters, each dated October 12, 2017, copies of which are attached to the Counter-claim as Exhibits.

10.    The requires no response.

11.    Denied.   To the contrary, WFC has benefitted from its decision to terminate RMC. At the time of the terminations referenced in ₧9, above, WFC was holding the following funds, all of which were due to RMC:

- $   110,641,40        (Retainage for Phase 1A); and
- $ 1,135,232.63        (In fees and retainage for Phase 1B)

The funds claimed regarding Phase 1B (which total $1,135,232.63) were billed to WFC by RMC in Fee Applications dated August 31, 2017 and September 29, 2017.   Hence, at the time that WFC sent the termination letters of October 12, 2017, it had already received RMC's Fee Applications for the above-referenced funds.   It is asserted, upon information and belief, that WFC then used a substantial portion (if not all of the funds otherwise due RMC) to pay a replacement subcontractor. However, a substantial portion (if not all of the payments made to that replacement subcontractor)

were not allocated to corrective work but, instead, performing future work which RMC had not yet performed and had not yet billed to WFC.

      12.     Denied.

      13.     Denied.

      14.     Denied.

      15.     Denied.

      16.     Denied.

      17.     This does not require a response.

      18.     While there were problems with performance on the project, RMC's acts or omissions did not damage WFC. To the contrary, WFC was holding the following funds, all of which were otherwise due to RMC.

- $ 110,641,40    (Retainage for Phase 1A); and
- $ 1,135,232.63    (In fees and retainage for Phase 1B)

Additionally, there were balances left in the two contracts which had not yet been billed. Accordingly, when WFC retained a new contractor to perform that remaining work, it simply paid that new contractor the funds that had otherwise would have paid RMC, had RMC remained on the job. The new contractor was already working for WFC on adjacent property and on portions of this project. Thus, the new contractor was able to easily and promptly transition into the position formally held by RMC.

      19.     This allegation seems to be an incomplete sentence and, therefore, RMC neither admits nor denies it.

      20.     Denied, for lack of sufficient information.

      21.     Denied, for lack of sufficient information.

      22.     Denied, for lack of sufficient information.

-3-

23.	Denied.

24.	Denied, for lack of sufficient information.

25.	Denied.

26.	Denied.

27.	Denied, for lack of sufficient information.

28.	Denied, for lack of sufficient information.

29.	Denied.

30.	Any allegation in the Amended Counter-claim which has not previously been admitted or denied is here and now denied.

## ADDITIONAL DEFENSES

1.	The funds remaining in RMC's contract totaled at least $494,197. The substitute subcontractor that WFC retained to complete the work on Phase 1B was already at or near the site and, therefore, the transitional cost for them to take over the project was minimal. However, WFC contends that the "takeover" contract totaled $739,691. WFC failed to mitigate its damages with regard to that "takeover" contract and, therefore, it is estopped from recovering any amounts in excess of what it would have had to have paid to RMC to complete the project.

2.	In like manner, any incremental increases in the "takeover" contract by way of subsequent Change Orders also constitute a failure by WFC to mitigate its damages. Accordingly, WFC is equally estopped from collecting those amounts.

3.	WFC used RMC's funds not only to correct prior work, but also to perform future work which RMC had not yet performed or billed. Hence, WFC misapplied or otherwise misappropriated funds otherwise due and payable to RMC. Accordingly, WFC has unclean hands.

-4-

4.     WFC's Counter-claims are barred as a result of its failure to comply with Tennessee's Prompt Pay Act, as codified in T.C.A. §66-34-101, *et seq.*

5.     WFC's Counter-claims are barred by its failure to comply with Tennessee's Retainage Statutes, as codified in T.C.A. §66-34-205.


For the reasons set forth herein, WFC's Counter-claim should be dismissed, and the costs associated therewith taxed to WFC.


Respectfully submitted,


*/s/ Phillip Byron Jones*
**Phillip Byron Jones** (#14125)
EVANS, JONES & REYNOLDS, PC
401 Commerce Street, Suite 710
Nashville, TN 37219-2424
(615) 259-4685
Pjones@ejrlaw.com
*Attorneys for Plaintiff/Counter-Defendant*

-5-

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent as follows on

this the 23rd day of September, 2019, to:

| Addressee | Method(s) of Service |
|---|---|
| **Mr. Paul J. Krog**<br>**Mr. Eugene N. Bulso**<br>Leader, Bulso & Nolan, PLC<br>414 Union Street, Suite 1740<br>Nashville, TN 37219<br>pkrog@leaderbulso.com<br>gbulso@leaderbulso.com<br>*Attorneys for Defendants* | X   Electronically via the Court's ECF System<br><br>□   U.S. Postal Service (First-Class)<br><br>□   Email<br><br>□   Hand Delivery |

*/s/ Phillip Byron Jones*
**Phillip Byron Jones**

818620.013

-6-