IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| RESOURCE MANAGEMENT ) | |
| COMPANY, INC., ) | |
|     Plaintiff/Counter-Defendant ) | |
| ) | |
| v. ) | Case No. 3:18-CV-433 |
| ) | |
| WFC DURHAM HOLDINGS VII LLC and ) | Jury: Waived |
|     Defendant/Counter-Plaintiff; ) | Judge Richardson |
| ) | Mag. Judge Frensley |
| And ) | |
| ) | |
| PHILADELPHIA INDEMNITY ) | |
| INSURANCE COMPANY, ) | |
|     Defendant. ) | |

## SUPPLEMENTAL BRIEF

## REGARDING

## DEFENDANTS' MOTION IN LIMINE

Defendants filed a Motion in Limine concerning the testimony of RMC's Rule 30(b)(6) designees **[Doc. 65]**.

During the pre-trial conference on April 16, 2021, the Court invited the parties to file Supplemental Briefs. RMC submits the following Supplemental Brief:

### **INTRODUCTION**

Defendants' contend that during RMC's corporate deposition, that it extensively provided answers which were tantamount to "I don't know."

It contends, therefore, that RMC should be "*precluded . . . from introducing at trial evidence establishing any of the foregoing, or any other topics on which its designee testified to be ignorant . . .*"

**Michael Johnson**

To start, the number of occasions in which Mr. Johnson testified substantially that "I don't know" were isolated. In its papers **[Doc. 65]**, Defendants highlight only 17 questions where its designee purportedly lacked information. However, only a few of those 17 were actually tantamount to an "I don't know" answer. Moreover, the deposition of Mr. Johnson is contained in a transcript that totals 131 pages of testimony. There were hundreds of other questions posed to Mr. Johnson which he answered. Thus, the questions highlighted in Defendants' papers are *de minimus*.

Additionally, the subject matter of many of those questions is not in dispute, given the stipulations of the Defendants. This is because Defendants have stipulated the following:

- The authenticity and admissibility of the contracts entered into between RMC and WFC; and,

- The nature and extent of RMC's monetary claim which seeks to recover $1,198,770.

The remaining questions upon which WFC quibbles are not ultimately going to be relevant to the claims involved herein. For instance, one of the questions posed was whether Mr. Johnson had knowledge concerning RMC's hiring, training and retention of employees. RMC does not intend to introduce any evidence on this issue at trial and, therefore, Mr. Johnson's lack of knowledge is immaterial.

Another example was Mr. Johnson's inability to calculate the exact number of days that RMC was delayed because of weather. However, any such delays occurred prior to the termination of RMC by WFC, the basis of which is not disputed.

## Lucas Norris

There is then the testimony of Lucas Norris, which is relevant to this issue. As the Court is aware, a corporation that receives a Notice of Deposition must designate one or more officers, directors, or managing agents to testify on behalf of the company. The designee must then get up to speed on the topics.

However, this case is not a situation where Mr. Johnson failed to go down the hall and interview people from the Human Resources Department, the Engineering Department, or the Accounting Department, and then pled ignorance on topics upon which his corporation was required to testify. To the contrary, there were no other coworkers upon which he could have procured information in order to get up to speed.

However, the Rule provides an alternative process. It provides that an entity may designate "*other persons who consent to testify on its behalf*..." This is exactly what occurred in this case regarding RMC's procurement of Lucas Norris as an individual to testify regarding any question that the Defendants' lawyers desired to pose to him.

Mr. Norris was produced on June 2, which was the same week in which Defendants' deposed other witnesses. The deposition of Mr. Norris was extensive and included 232 pages of testimony. This followed the disclosure of Mr. Norris as a material witness in RMC's Initial Rule 26 Disclosures and in RMC's Responses to Defendants' discovery (*See,* Exh. A and Exh. B.).

Additionally, Defendants were notified that RMC had no other individuals on staff, aside from Mr. Johnson and Mr. Mosley (both of which they produced as corporate designees). RMC then offered to produce Mr. Norris, without a subpoena <u>and he consented</u>. The emails attached hereto as Collective Exhibit C confirm that protocol.

Additionally, there are circumstances, such as those involved herein, where a party may successfully argue that all or a portion of the subject matter of a prior deposition may be deemed

to be the organization's response. *See, Adkisson v. Jacobs Engineering,* 2020 WL 8254453, at pg. 3 (Dist. Ct. E.D. Tenn. 2020). *See also, Majestic Building Maintenance, Inc. v. Huntington,* 2018 WL 3358641 (Dist. Ct. S.D. Ohio, 2018) reflecting that a corporate deponent may designate prior depositions as responses and offer to be bound by the testimony given in those depositions.

Here, the deposition of RMC's corporate designee expressly referenced Mr. Norris by either his first or last name on 45 separate occasions (*See,* Exh. D). Examples are as follows:

> Q: *Do you agree that RMC was obligated under its contract for Phase IB to install manholes at correct elevations?*
>
> A: *<u>I think Lucas [Norris] explained yesterday very well</u>, that we norm-they normally set them a little low so traffic will not hit them and harm them, and then before the pavement is put down, they are adjusted . . .* (Emphasis added.)

[P. 90/14-19]

> Q: *Item 7 in Exhibit 1 concerns communications between RMC and others concerning the Durham Farms project. What information do you have about communications between RMC and others concerning Durham Farms?*
>
> A: *I'm – I mean – I, I don't really have any other information. <u>Because – it's like Lucas [Norris] was telling you</u>, we use Google email and it's all on Google server.* (Emphasis added.)

[P. 107/9-19]

Moreover, Defendants' counsel expressly relied upon the testimony of Mr. Norris when it questioned RMC's designee, the next day. The following testimony illuminates that fact:

> Q: *Mr. Norris yesterday also mentioned that RMC was in the trucking business.*
>
> A: *That's correct.*

[P. 14/23-25]

> Q: You heard Mr. Norris testify yesterday about some blasting problem on the Hammer Hill Project.
>
> A: Sure.

[P. 47/18-20]

> Q: Did you hear Mr. Lucas Norris testify yesterday that the company did not maintain a weather log?
>
> A: I think some jobs they did, some jobs they didn't.

[P. 71/9-11]

> Q: Have you ever seen any photographs that show inlets to be out of line with the back of curb by more than 8 inches?
>
> A: <u>I – I think y'all showed Lucas [Norris] one yesterday</u>, but I – I, didn't see it. (Emphasis added.)

[P. 91/13-17]

> Q: Well, Mr. Norris told us he got some money. Is there someone else you paid?
>
> A: Well, no. This – you're talking about since this filed. But, you know, we got this stuff together, I guess, a long time ago. And, I mean – I mean, what time frame are you talking about here?

[P. 104/20-25]

> Q: Do you recall Mr. Norris telling us yesterday that there was a staffing issue at the Wynfield Project . . .
>
> A: Yes, I do.

[P. 111/15 – 17]

Thus, this is not a situation where RMC's designees sat on their hands and failed to get up to speed to address certain topics. To the contrary, RMC knew that Mr. Norris was <u>the</u> individual with the relevant information and, pursuant to Rule 30, RMC made him available to testify, by consent, and without a subpoena. Moreover, and as noted, the occasions on which RMC's designee failed to have knowledge (because of a complete inability to obtain it) were nominal.

RMC does not intend to use the testimony of any other witness to contradict those areas, given that many of them concern stipulated facts, and quite frankly, facts that are not relevant.

## **CONCLUSION**

For the reasons set forth herein, Defendants' Motion in Limine should be DENIED.

Respectfully submitted,

**/s/ Phillip Byron Jones**
**Phillip Byron Jones** (#14125)
EVANS, JONES & REYNOLDS, PC
401 Commerce Street, Suite 710
Nashville, TN 37219-2424
(615) 259-4685
Pjones@ejrlaw.com
*Attorneys for Plaintiff/Counter-Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent as follows on this the 22nd day of April, 2021, to:

| Addressee | Method(s) of Service |
|---|---|
| **Eugene N. Bulso, Jr.**<br>**Paul J. Krog**<br>Bulso PLC<br>155 Franklin Road, Suite 400<br>P.O. Box 861<br>Brentwood, TN 37027<br>Gbulso@bulso.com<br>Pkrog@bulso.com<br><br>*Attorneys for Defendants* | X    Electronically via the Court's ECF System<br><br>☐    U.S. Postal Service (First-Class)<br><br>☐    Email<br><br>☐    Hand Delivery |

                                           */s/ Phillip Byron Jones*
                                           **Phillip Byron Jones**

818620.028